**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SIEMENS MEDICAL SOLUTIONS USA, INC.,

Plaintiff,

v.

HOLOGIC, INC.,

Defendant.

C.A. No. _______________

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens Healthineers USA" or "Plaintiff"), by and through its attorneys, brings this Complaint for patent infringement and demand for jury trial against Defendant Hologic, Inc. ("Hologic" or "Defendant") and alleges as follows:

**THE NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent No. 8,284,894 (the "'894 Patent" and the "Asserted Patent") under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, relating to Defendant's mammography systems, including the Envision® Mammography Platform (the "Accused Products").

## THE PARTIES

2. Siemens Medical Solutions USA, Inc. is a Delaware corporation with its principal place of business at 40 Liberty Boulevard, Malvern, Pennsylvania 19355.

3. On information and belief, Hologic, Inc. is a Delaware corporation with headquarters at 250 Campus Drive, Marlborough, Massachusetts 01752.

## JURISDICTION AND VENUE

4. This action for patent infringement arises under the laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. §§ 271, 281-285. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is a Delaware corporation with a registered office in Delaware. Defendant has designated Prentice-Hall Corporate Services, 32 Lookerman Square, Suite L-100, Dover, Kent County, Delaware 19901 as Hologic's Registered Agent in the state of Delaware for service of process. Hologic has been conducting and/or is conducting business in this District on a regular basis.

6. Additionally, Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and continues to do so. Defendant regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District. Defendant also manufactures the Envision® Mammography Platform in Newark, Delaware, where it conducts its U.S. Breast Health capital equipment

manufacturing operations.[1] Defendant also has purposefully placed or contributed to the placement of its infringing products into the stream of commerce of this District and has availed itself of the benefits of the market in this District.

7. This Court has specific jurisdiction over Defendant because Defendant possesses the requisite "minimum contacts" within this forum, including but not limited to the manufacture and sale of products used in Delaware in furtherance of the acts giving rise to this litigation.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant resides in Delaware, its state of incorporation. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Venue is also proper under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District, including by making the Accused Products in Newark, Delaware, and has a regular and established place of business in this District at its manufacturing facility there. *See supra* n.1.

**THE PATENT-IN-SUIT**

9. On October 9, 2012, the '894 Patent, entitled "Fast Tomosynthesis Scanner Apparatus And CT-Based Method Based On Rotational Step-And-Shoot Image Acquisition Without Focal Spot Motion During Continuous Tube Movement For Use In Cone-Beam Volume CT Mammography Imaging," was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application No. 12/933,922, which was filed on March 26, 2009. The '894 Patent names Tiemen Poorter as the inventor. A true and correct copy of the '894 Patent is attached to this Complaint as Exhibit 1.

[1] *See* https://www.medtechdive.com/news/hologic-lay-off-86-people-closure-connecticut-facility/730684/ (last accessed Oct. 26, 2026).

10. Prior to issuance, the inventor of the ’894 Patent assigned all right, title, and interest in U.S. Patent Application No. 12/933,922 to Koninklijke Philips N.V. (“Philips”). This assignment is recorded at the United States Patent and Trademark Office (“USPTO”) at Reel/Frame 025031/0963. As such, at the time of issuance, Philips was the owner, by valid assignment, of the entire right, title, and interest in and to the ’894 Patent. Siemens Healthineers AG acquired all right, title, and interest in the ’894 Patent by assignment from Philips, recorded in July 2026 at Reel/Frame 075279/0276. Subsequently, Siemens Healthineers USA acquired all right, title, and interest in the ’894 Patent by assignment from Siemens Healthineers AG, recorded in October 2026 at Reel/Frame 076217/0096.

11. The ’894 Patent is valid, enforceable, and is currently in full force and effect.

12. The ’894 Patent relates to three-dimensional digital breast tomosynthesis, in which a system acquires a series of low-dose, two-dimensional projection images of compressed breast tissue from different angles as an X-ray tube moves along an arc, and reconstructs those images into image slices located at different depths within the breast. Exhibit 1, at 1:8–18, 1:50–64.

13. The ’894 Patent identifies a problem with conventional tomosynthesis image acquisition. A conventional system could use a “stop-and-shoot” procedure in which the X-ray tube remains stationary while each projection image is acquired, but repeatedly stopping, imaging, and moving the tube increases the total acquisition time. *Id.* at 2:36–56. Alternatively, a system could move the X-ray tube continuously during image acquisition, but that movement also moves the focal spot from which the X-rays are emitted, which may produce “serious image blur” that significantly reduces image quality. *Id.* at 2:56–67.

14. To address these problems, the ’894 Patent claims systems and methods that acquire projection images during continuous rotational movement of the X-ray tube while moving the electron-beam focal spot on the tube’s anode in the direction opposite the tube’s movement, so that the focal-spot movement compensates for the distance traveled by the tube during each image acquisition. *Id.* at 3:1–23, 3:30–55; claims 1, 10. The patented technology thereby produces motion-blur-free images in a shorter total acquisition time. *Id.* at 6:66–7:10.

## FACTUAL BACKGROUND

15. Siemens Healthineers USA, along with its corporate parent Siemens Healthineers AG (collectively, “Siemens Healthineers”), is a pioneer in medical imaging with a history of innovation spanning more than a century. Shortly after the discovery of X-rays in 1895, engineers at Siemens Healthineers’ predecessor companies began developing X-ray equipment for medical applications. By 1896, those predecessor companies were producing X-ray equipment, including an industrially manufactured X-ray tube for medical diagnostics. Siemens Healthineers has continued to advance X-ray imaging technology since that early work.

16. Building on its early work in medical X-ray technology, Siemens Healthineers has been developing mammography systems and related breast-imaging technologies for decades. Siemens Healthineers introduced its first dedicated mammography system in 1971, marking the beginning of the MAMMOMAT® product line, and has continued to develop new mammography systems and technologies for more than fifty years. Today, Siemens Healthineers remains a leading developer and provider of mammography systems used for breast-cancer screening, diagnosis, and biopsy.

17. Siemens Healthineers' mammography portfolio includes the patented MAMMOMAT B.brilliant® and MAMMOMAT Revelation® systems. The MAMMOMAT B.brilliant® is Siemens Healthineers' current-generation mammography system and provides digital mammography and wide-angle three-dimensional breast tomosynthesis. The MAMMOMAT Revelation® likewise provides digital mammography and wide-angle breast tomosynthesis and supports broader breast-cancer screening, diagnostic imaging, and biopsy procedures.

18. The patented MAMMOMAT B.brilliant® system reflects Siemens Healthineers' continued efforts to advance mammography and breast-tomosynthesis technology, improve diagnostic confidence, and support patient care.

**<u>COUNT 1: INFRINGEMENT OF THE '894 PATENT</u>**

19. Plaintiff hereby incorporates by reference and realleges its allegations contained in all of the preceding paragraphs of this Complaint as though fully set forth herein.

20. Upon information and belief, Defendant has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 10 of the '894 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and (c) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the Accused Products. For example, Defendant makes and assembles the final Accused Product in Newark, Delaware. *See supra* n.1. Additionally, Defendant has engaged in infringing use of the accused Envision® system during pre-sale demonstrations and product unveilings, including Hologic's December 2024 unveiling of the Envision® Mammography Platform at the annual meeting of the Radiological Society of North America.[2] *See* Exhibit 2.

---

[2] On information and belief, Hologic's infringing use further includes design-verification, validation, quality-control, and other internal and clinical testing of the Envision® system.

21. Defendant's Accused Products infringe at least claims 1 and 10 of the '894 Patent, as illustrated in an exemplary claim chart attached hereto as Exhibit 3.[3]

22. Defendant has had actual knowledge of the '894 Patent since before the filing of this action, and, despite having knowledge of its infringement, Defendant continues to intentionally and willfully infringe at least claims 1 and 10 of the '894 Patent, or at the very least act with willful blindness and/or a reckless disregard of Plaintiff's patent rights. For example, prior to filing this Complaint, Siemens Healthineers sent an email to Hologic on August 13, 2026, identifying the '894 Patent. In addition, the '894 Patent family played a significant role as prior art in a European Patent Office opposition proceeding initiated by Hologic on May 14, 2019 (appeal T 1762/21), and, in addition, the '894 Patent family was identified in Siemens Healthineers' Statement of Defense and Counterclaim for Revocation filed on March 26, 2025 in a Unified Patent Court (UPC) proceeding (UPC_CFI_758/2024) against Hologic. All this demonstrates that Hologic has had deep knowledge and understanding of the '894 Patent prior to the filing of this Complaint.

23. On information and belief, Hologic actively, knowingly, and intentionally induces infringement of the asserted claims of the '894 Patent by actively encouraging others—including hospitals, imaging centers, radiologists, and technologists—to make, use, offer to sell, and/or sell the Accused Products in the United States in violation of 35 U.S.C. § 271(b). Hologic does so with the specific intent to encourage such infringement, through activities such as designing, making, selling, offering to sell, importing, marketing, advertising, and promoting the Accused Products; creating and distributing marketing, promotional, educational, and other

[3] The claim chart of Exhibit 3 relies, in part, on the technical description of the Envision® Mammography Platform contained in the October 24, 2024 letter from the USPTO to the FDA Regarding Hologic's Request for Patent-term Extension of U.S. Patent No. 8,457,282, which is attached hereto as Exhibit 4.

product literature for the Accused Products; publishing instructional and promotional videos describing operation of the Accused Products; and providing training, medical education, and customer support directed to the Accused Products. *See, e.g.*, Exhibits, 2, 5–6. These activities are designed to invite, instruct, encourage, enable, and facilitate the use of the Accused Products in a manner that infringes the '894 Patent.

24. On information and belief, Hologic also contributes to, and continues to contribute to, infringement of the '894 Patent by offering to sell or selling within the United States, or importing into the United States, components of the Accused Products, knowing the same to be especially made or especially adapted for use in an infringement of the '894 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the moving-focal-spot acquisition functionality of the Accused Products has no substantial non-infringing use.

25. Despite having knowledge of its infringement, Defendant continues to intentionally and willfully infringe at least claims 1 and 10 of the '894 Patent, or at the very least act with willful blindness and/or a reckless disregard of Plaintiff's patent rights. As a result of Defendant's willful infringement, Plaintiff is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285. As a result of Defendant's unlawful infringement of the '894 Patent, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover from Defendant the damages adequate to compensate for such infringement, which have yet to be determined.

26. Defendant will continue to infringe the '894 Patent unless and until it is enjoined by this Court.

27. Defendant's acts of infringement have caused and will continue to cause irreparable harm to Plaintiff unless and until enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant and granting of the following relief:

A. The entry of a judgment declaring that Defendant Hologic has infringed the Asserted Patent directly, contributorily, and by inducement;

B. The entry of a judgment declaring that Defendant Hologic's infringement of the Asserted Patent is willful pursuant to 35 U.S.C. § 284;

C. A grant of an injunction pursuant to 35 U.S.C. § 283, enjoining Defendant Hologic together with its respective officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Asserted Patent by engaging in any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any product covered by the Asserted Patent for the full terms thereof or any additional period of exclusivity to which Plaintiff and/or such Patent is, or becomes, entitled, and from inducing or contributing to such activities;

D. The entry of an order declaring that Plaintiff be awarded damages in an amount sufficient to compensate it for Defendant Hologic's infringement of the Asserted Patent, together with prejudgment and post-judgment interest and costs;

E. That Defendant Hologic be ordered to provide an accounting for the damages resulting from infringement of the Asserted Patent, together with interests and costs, and all other damages permitted by 35 U.S.C. § 284, including an accounting for

infringing acts not presented at trial and an award by the court of additional damages for any such infringing acts.

F. The entry of a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes, rules, and common law;

G. The taxation of all allowable costs against Defendant Hologic; and

H. For such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Dated: November 13, 2026

Respectfully submitted,

**FISH & RICHARDSON P.C.**

*/s/ Warren K. Mabey, Jr.*
Douglas E. McCann (#3852)
Warren K. Mabey, Jr. (#5775)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
mccann@fr.com
mabey@fr.com

*Attorneys for Plaintiff*
*Siemens Medical Solutions USA, Inc.*

OF COUNSEL:

Michael J. McKeon (*pro hac vice* forthcoming)
Ralph A. Phillips (*pro hac vice* forthcoming)
April Sunyoung Park (*pro hac vice* forthcoming)
Joseph Sinopoli (*pro hac vice* forthcoming)
William Wheeler (*pro hac vice* forthcoming)
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W. Suite 1000
Washington, D.C. 20024
mckeon@fr.com
rphillips@fr.com
apark@fr.com
sinopoli@fr.com
wwheeler@fr.com

Karrie Wheatley (*pro hac vice* forthcoming)
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
wheatley@fr.com